**Marie-Ann Greenberg, MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

| | |
|---|---|
| IN RE: | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| KENDY DESROSIER | Case No.: 24-19451 RG |
| | Hearing Date: Not Yet Scheduled (correct date) |

### TRUSTEE'S OBJECTION TO DEBTOR(S) MOTION TO VACATE DISMISSAL

Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Vacate Dismissal in the instant matter. The governing rule and case law of F.R.C.P. 60 apply to the instant Motion. See, *In re Lampman,* 494 B.R. 218, 222 (Bankr. M.D. Pa., 2013) (*citing numerous other cases*). The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *In re Lampman,* 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).

- The Certification of debtor's counsel in support of the Motion fails to address the Rule and its application to the requested relief sought.
- In the instant case, debtor's second filed by Mr. Chapman this year, an Order of Dismissal was entered on 10/16/24 as a result of the failure to file missing schedules and plan per the Court's

    Order to Show Cause.  Those documents are not annexed to the Motion and have not been filed.  Thus, the cause of dismissal has not been rectified.

- In addition, the hearing date chosen in the Motion is inappropriate and does not meet the required 21-days' notice, nor is it on the Judge's list of Ch. 13 hearing dates.
- No plan payments have been received.  Two are due through November.
- No 341a documents have been uploaded.  All were due by 10/29/24 to the undersigned.
- There is no automatic stay in place.
- The certificate of service fails to indicate service on all required parties.
- The form of order is the incorrect form.
- The Motion still fails to address the pertinent issues.  In order to reinstate a case or vacate dismissal, the very reason for dismissal must be addressed and rectified.

    For these reasons and any and all the Court deems fit to adopt, the Motion to Vacate Dismissal should be denied.


Dated:  November 05, 2024By:  /S/ Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee